UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**EVAN DARNELL WAGNER,**

      **Movant,**

v.                                           **Case No. 2:11-cr-00126-01**
                                                **Case No. 2:13-cv-03509**

**UNITED STATES OF AMERICA,**

      **Respondent.**

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, (ECF No. 35).[1] Movant, Evan Darnell Wagner (hereinafter "the defendant"), is serving a 63-month sentence, followed by a three-year term of supervised release, upon his guilty plea (Written Plea of Guilty, ECF No. 23), pursuant to a written plea agreement (Plea Agreement, ECF No. 24), to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Judgment, ECF No. 32).

The defendant did not file a direct appeal to the United States Court of Appeals for the Fourth Circuit. The instant section 2255 Motion was filed with the Clerk on February 22, 2013. (ECF No. 35). Accordingly, the defendant's motion was timely filed. The defendant's sole ground for relief asserts that his sentence was improperly enhanced by a

---

[1] On July 9, 2014, the Movant filed a virtually identical document, which was docketed as a "Letter in support of Motion to Vacate, Set Aside or Correct Sentence." (ECF No. 49).

two-level enhancement based upon the fact that the firearm that the defendant possessed was stolen. Citing *United States v. Booker*, 543 U.S. 220 (2005), the defendant asserts that such enhancement was unilaterally imposed by the court at sentencing and, thus, his sentence exceeds the maximum authorized by the facts he admitted through his guilty plea, in violation of his Sixth Amendment rights. (ECF No. 35 at 1-2). In *Booker*, the Supreme Court held that "the Sixth Amendment right to trial by jury is violated when <u>under a mandatory guidelines system</u>, a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury." *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005) (citing *Booker*, 543 U.S. at 231-244) (Emphasis added). No response from the United States has been ordered because the record conclusively shows that the defendant is entitled to no relief.

## ANALYSIS

Pursuant to Section 2K2.1(a)(3) of the United States Sentencing Guidelines, the defendant's guilty plea to being a felon in possession of a firearm resulted in a base offense level of 22. Over the objection of the defendant, the presiding District Judge added two levels, pursuant to U.S.S.G. § 2K2.1(b)(4)(A), based upon a finding that the firearm that the defendant possessed had been stolen. Thus, the defendant's adjusted offense level was 24, prior to receiving a three-level reduction for acceptance of responsibility, resulting in a total offense level of 21. With a Criminal History Category of IV, the defendant's advisory Guideline range was 57-71 months. Thus, his 63-month sentence fell within that Guideline range.

The defendant now argues that, under *Booker, supra*, the District Court could not include the two-level enhancement unless the defendant admitted that the firearm was stolen or a jury made such a finding beyond a reasonable doubt. There are several reasons that the defendant is not entitled to the requested relief under section 2255.

First, the defendant failed to address this issue in a direct appeal. Thus, it is procedurally defaulted and barred from collateral review, unless the defendant can demonstrate cause and prejudice to excuse the default, or actual innocence. *See Bousley v. United States*, 523 U.S. 614, 621 (1998); *see also United States v. Mikalajunas*, 186 F.3d 490, 495 n.4 (4th Cir. 1999).

Second, the defendant's written plea agreement specifically waived his right to pursue collateral relief on any claims other than those alleging ineffective assistance of counsel. (ECF No. 24 at 5). Because the instant claim does not assert ineffective assistance of counsel, it falls squarely within the waiver provision of the plea agreement.

Moreover, because the defendant was sentenced well after the *Booker* decision, pursuant to an advisory Guideline scheme, his present claim lacks merit. As noted in *Booker*:

> If the Guidelines as currently written could be read as merely advisory provisions that recommended, rather than required, the selection of particular sentences in response to differing sets of facts, their use would not implicate the Sixth Amendment. We have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range.... Indeed, everyone agrees that the constitutional issues presented by these cases would have been avoided entirely if Congress had omitted... the provisions from the [Sentencing Reform Act] that make the Guidelines binding on district judges .... For when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant.

3

543 U.S. at 233.

The defendant's motion cites *United States v. Foster*, 166 Fed. App'x 13 (4th Cir. 2006) in support of his claim. In *Foster*, the Fourth Circuit found Sixth Amendment error based upon the imposition by the District Court of an enhancement for possession of a stolen gun, following the defendants' conviction, by a jury, on various drug charges. The jury did not find beyond a reasonable doubt that the defendants possessed a stolen firearm; nor was that fact admitted by the defendants.

*Foster* is distinguishable from the instant case, however, because the defendants therein raised the issue in a direct appeal after they had been sentenced under the then mandatory Guidelines. Accordingly, the Fourth Circuit remanded the case for re-sentencing according to *Booker*'s remedial scheme. 166 Fed. App'x at 20. Because the defendant herein was sentenced under a post-*Booker* advisory Guideline scheme, the enhancement he received for the stolen firearm is not unconstitutional, and provides no basis for relief under section 2255.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the defendant's Sixth Amendment claim lacks merit, and that he is not entitled to any relief under section 2255. For the foregoing reasons, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence and dismiss this civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston,

United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985*); United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on opposing parties and Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to Movant, and to transmit it to counsel of record.

December 17, 2015

Dwane L. Tinsley
United States Magistrate Judge